**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2019[*]
Decided May 30, 2019

*Before*

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 18-3411

| | |
|---|---|
| FREDRICK A. MORRIS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 16-cv-625-jdp |
| JASON T. ZEIMER, *Defendant-Appellee.* | James D. Peterson, *Chief Judge.* |

**O R D E R**

Frederick Morris, a Wisconsin inmate, sued a correctional officer for deliberate indifference towards his risk of suicide. The district court denied four motions for recruitment of counsel and later, after a jury trial, entered judgment in favor of the correctional officer. Without a trial transcript, we cannot review the sufficiency of the evidence. FED. R. APP. P. 10(b)(2). And because the court did not abuse its discretion in denying Morris's motions, we affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

While in prison, Morris hid a large number of pills that he planned to use to end his own life. According to his declaration, he showed correctional officer Jason Zeimer the pills and informed Zeimer that he was suicidal and needed to see someone from the prison's psychological services unit. But Zeimer, Morris says, took no immediate action, instructed him to file a formal request for a psychological-services appointment, and left. Later, in Zeimer's presence, Morris swallowed the pills. After being evaluated by a nurse, Morris was taken to a hospital, where he recovered before returning to the prison the next day.

Morris sued Zeimer for deliberate indifference and, after his complaint survived the screening stage, moved the district court for assistance recruiting counsel. The court acknowledged that Morris had reasonably tried to obtain counsel, but denied the motion because the case was "relatively straightforward," concerned a "one-time event … about which [Morris] has personal knowledge," and Morris's prior submissions—including sworn declarations from two inmates who had witnessed the relevant incident—showed that he was capable of describing "what happened, when, where and who was involved." Morris renewed the same request three more times: once after moving for summary judgment, once after the court denied both parties' cross-motions for summary judgment, and once before trial. The court denied each of these motions for the same reason it had denied the first: it believed that Morris could litigate his own case. Each time, the court noted that Morris's submissions were "largely coherent and focused on relevant issues," emphasizing in the last order that Morris successfully fended off summary judgment—"a hurdle that trips up most pro se litigants."

The case eventually proceeded to trial, at which Morris represented himself, and the jury returned a verdict for Zeimer.

On appeal, Morris contests the jury's verdict on grounds that he presented a stronger case than Zeimer did—an argument that we understand to be a challenge the sufficiency of the evidence. But Morris has not provided us with a transcript of the trial; in fact, he filed a transcript information sheet acknowledging that he did not intend to order one. As Zeimer argues, the absence of the transcript violates Federal Rule of Appellate Procedure 10(b)(2) and prevents us from considering Morris's sufficiency-of-the-evidence argument. See *Morisch v. United States*, 653 F.3d 522, 529 (7th Cir. 2011).

Morris also argues that the district court should have recruited counsel to assist him, particularly at trial, because he was not competent to represent himself. For the first time, he asserts that he was hospitalized after sustaining a severe suicide-related injury (unrelated to this case) that caused memory problems. But he did not present this

as a reason to recruit counsel in his fourth motion for recruitment of counsel, which he filed two months after he says he was hospitalized. See *Pruitt v. Mote*, 503 F.3d 647, 659 (7th Cir. 2007) (en banc) (appellate review limited to evidence available when motion was denied).

Civil litigants have no right to a court-appointed lawyer, and our review of the court's decision not to recruit counsel asks only whether the judge properly considered the complexity of the case and the litigant's capabilities. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Morris does not contest any of the court's findings—that his single claim against a single defendant requiring no expert medical testimony was a simple one, that his submissions were coherent and relevant, and that he successfully fended off summary judgment. The district court applied the relevant standards and reached a reasonable decision; thus, it did not abuse its discretion. See *Pruitt*, 503 F.3d at 658.

AFFIRMED